## No. 10,357.

### LOUISIANA BREWING COMPANY VS. BOARD OF ASSESSORS.

Compliance with Section 27 of Act 98 of 1886, providing for the appearance by complaining taxpayers, asking a reduction of assessment, before the assessors, as a Board of Reviewers, is a condition precedent which must be fulfilled, before the taxpayer can assert his right before the courts, for relief.

A return made by the taxpayer *previous* to the first of March, to the *assessor*, under Section 17 of the same act, does not answer the purposes of the appearance which must be made *after* that date before the assessors sitting and acting as a *Board* of Reviewers.

The appearance and opposition are matters of averment and proof. Where the latter fails, the courts are powerless to afford relief.

In requiring this appearance, the General Assembly has not unduly enlarged the provisions of Article 203 of the Constitution, which recognizes in taxpayers the right of testing the correctness of their assessments before the courts of justice. The Legislature merely followed an ancient method or form auxilliary to the exercise of such right, leaving the constitutional provision in a state of perfect integrity.

APPEAL from the Civil District Court, Parish of Orleans.
    *Ellis, J.*

*Buck, Dinkelspiel & Hart* for Plaintiff and Appellant.

*Wynne Rogers* and *T. McC. Hyman* for Defendants and Appellees.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an action for the reduction of what is alleged to be an excessive assessment of the property of the plaintiff corporation.

The petition contains the verbal averments, stating specially, that the *returns* and *protest*, provided by law, had been made.

The answer is a general denial. From an adverse judgment, the plaintiff company appeals.

There is evidence in the record touching the value of the property assessed; but there was adduced no proof that the plaintiff, in conformity with Sec. 27 of Act 98 of 1886, opposed the assessment of its property.

The *return* which was made to the assessor, under Sec. 13 of the same act, and which does not appear to have been heeded by him, cannot be claimed to answer the purposes of the opposition or appearance, to be made by tax payers considering themselves aggrieved by the assessment of their property, as exhibited by the assessment rolls exposed for inspection, between the *first* and *twentieth* of March.

The return is to be made *anterior* to the first of March and addressed to the *assessor*, while the opposition must be presented *after* that date and directed to the assessors sitting as a *Board* of Reviewers, vested with the powers specially conferred on them by the law on the subject.

Although it has been held that the failure of a tax payer to hand in the *return* does not debar him from appearing before the assessors, as an opponent, to an assessment made, still it is now well settled that compliance with Sec. 27 of Act 98 of 1886, is an essential condition precedent to the exercise of the rights of complaining before the courts. Such compliance is not only a matter of averment, but also and chiefly one of proof.

It is claimed, however, that if the law exact this appearance or opposition, as an indispensible condition, or prerequisite *sine qua non*, it is an undue and onerous enlargement of the constitutional safeguard contained in Art. 203, which recognizes and secures in tax payers, the right to test the correctness of the assessment of their property, before courts of justice.

To this objection it suffices to answer that this formal recognition of right was designed by the framers of the Constitution to suppress and remedy against a pre-existing mischievous legislation (Act 42 of 1871), which denied to tax payers the right of appealing to the courts in such cases, by subjecting this privilege to the exclusive discretion of the Board of Assessors, which in all events was to be final and irrevocable even by the courts; and that the General Assembly did not transgress its powers in prescribing a preparatory method or form to be observed by the tax payers, which is ancillary to the exercise of the right of being heard before the courts, particularly as in doing so, the Legisla-

ture merely reinstated a salutary formality which at all previous times, had been prescribed and observed, thus leaving the constitutional provision in a state of perfect integrity.

If the plaintiff corporation has, by its inaction, permitted the door for relief to be closed upon it, it has no one to blame but itself. The court is powerless to interfere.

Judgment affirmed.